# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

GILBERT BRYAN,

          Plaintiff,

v.

TRANSUNION,

          Defendant.

Case No. 5:25-CV-00595-FL

## MEMORANDUM IN SUPPORT OF DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits its Memorandum in Support of Its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), and would respectfully show the Court as follows:

## I.     INTRODUCTION

On or about August 13, 2025, Plaintiff Gilbert Bryan ("Plaintiff") filed his Complaint in the General Court of Justice, District Court Division, Cumberland County, North Carolina, Case No. 25CV011291-250 ("State Court Action"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq., against Defendant. On September 18, 2025, the State Court Action was removed to this Court. This Motion follows.

Plaintiff Gilbert Bryan ("Plaintiff") filed his Complaint, asserting a claim against Trans Union for alleged violations of §§ 1681c-2, 1681g, and 1681i of the Fair Credit Reporting Act ("FCRA"), and alleging that Trans Union failed to correct accounts purportedly discharged in bankruptcy and/or tainted by fraud through identity theft, for which he claims he is not personally liable. *See* ECF No. 1-5.

1

Dismissal is warranted because the information disputed by Plaintiff is not actionable under the FCRA as it would require a consumer reporting agency ("CRA"), such as Trans Union, to conduct complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform. Plaintiff is required to show his claim is based on an alleged inaccuracy that is objectively and readily verifiable. Without such a showing, Plaintiff's claims fails as a matter of law. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

## II.     FACTUAL BACKGROUND

In this action Plaintiff alleges that he is the victim of identity theft. ECF No. 1-5 ¶ 6. However, Mr. Bryan states that he is a resident of Forest Park, Georgia, *see id.* ¶ 2, with a mailing address in Fayetteville, North Carolina. *Id.* at p. 4. Upon information and belief, his Forest Park address is a medical suite located in a commercial strip mall. *Id.* at Ex. D (listing "4868 HWY 85, Suite 100, Forest Park, GA, 30297" as Plaintiff's return address on or about July 28, 2025).

Plaintiff also alleges that certain debts from various credit card accounts established in his name have been discharged in bankruptcy. ECF No. 1-5 ¶ 8, 12(d) & Ex. B (demanding that Trans Union "update/correct…to reflect the discharge of the debts in bankruptcy"). Plaintiff attached purported discharge certificates listing the U. S. Bankruptcy Court for the Eastern District of North Carolina and corresponding copies of completed Form 1099-C for each account to his Complaint. *Id.* at Ex. B. However, Defendant is unaware of any such bankruptcy proceedings in that Court.[1]

With this as the backdrop, Plaintiff's FCRA claims against Trans Union stem from his requests for updates to the credit reporting of eight credit card accounts. Plaintiff alleges five

---

[1] No bankruptcy proceedings appear in the PACER records of the U.S. Bankruptcy Court for the Eastern District of North Carolina under a search for Gilbert Bryan. This issue is similarly raised in a related action entitled *Gilbert Bryan v. Equifax, Inc.,* Case No. 5:25-CV-00578-M-BM, pending in the U.S. District Court for the Eastern District of North Carolina. *See* Motion to Dismiss for Fraud upon the Court, Case No. 5:25-CV-00578-M-BM, ECF No. 4, at p. 2 (Sept. 17, 2025). The Court may take judicial notice of Equifax's Motion to Dismiss filed in that related matter.

2

accounts had fraudulent charges and five of the accounts were discharged in bankruptcy. The table below lists these various accounts to highlight the apparent overlap in his claims involving the Discover Bank and U.S. Bank accounts— both of which he contends were afflicted by fraud and discharged in bankruptcy.

| *Alleged Fraudulent Charges* | *Purportedly Discharged in Bankruptcy* |
|---|---|
| Discover Bank ending -3979 | Discover Bank ending -3979 |
| U.S. Bank ending - 7254 | U.S. Bank ending - 7254 |
| Barclays ending -6570 | USAA ending - 0710 |
| Navy Federal Credit Union ending - 6186 | USAA ending - 4916 |
| JPMCB ending - 6973 | JPMCB ending - 5485 |

Importantly, Plaintiff has not and cannot plead any inaccuracy involving any of the above that is actionable under the FCRA. This Motion specifically addresses, among other things, this deficiency in his pleadings that is fatal to the lawsuit. Trans Union respectfully requests a dismissal of all claims brought by the Plaintiff accordingly.

### III. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the allegations fail to set forth facts which, if true, would entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must raise the right to relief beyond the speculative level, and plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Although a court must liberally construe a pro se plaintiff's allegations, it 'cannot ignore a clear failure to allege facts' that set forth a cognizable claim." *Campbell v. Wells Fargo Bank, N.A.,* 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014) (citing *Johnson v. BAC Home Loans Servicing,*

*LP,* 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). While courts considering a Rule 12(b)(6) motion generally accept all well-pleaded allegations in a complaint as true, mere conclusory allegations, absent supporting factual averments, are not sufficient to state a claim upon which relief can be granted. *See Hinton v. Trans Union,* LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (granting motion to dismiss 15 U.S.C 1681g claim because allegations were merely "unadorned, the defendant-unlawfully-harmed-me accusations" (citation omitted)); *Jackson v. Warning,* No. PJM 15-1233, 2016 WL 7228866, at *9 (D. Md. Dec. 13, 2016) (dismissing *pro se* FCRA claims); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (cannot rely merely on conclusory allegations); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (must present more than naked allegations to survive dismissal); *Jones v. Duncan*, 2009 No. 1:09CV370-MU-02, 2009 WL 3230559, at *2 (W.D.N.C. Oct. 2, 2009) (case dismissed because plaintiff did not allege a single fact to overcome her showings that no violations occurred).

## IV.     ARGUMENTS AND AUTHORITIES

### A.     The Complaint Should Be Dismissed Because Plaintiff Has Failed to Plead the Required Elements of His § 1681i Claim.

Plaintiff alleges violations of § 1681i of the FCRA. To survive a motion to dismiss, Plaintiff must allege facts supporting the essential elements of each of his § 1681i claim. To establish a plausible claim § 1681i of the FCRA, Plaintiff must plead that: (1) his consumer file with Trans Union contain inaccurate or incomplete information; (2) Plaintiff notified the CRA of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused Plaintiff to suffer damages. *Wadley v. Experian Information Solutions, Inc.*, 241 Fed. App'x 132 (4th Cir. 2007); *see also Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002).

4

**1. Plaintiff's Alleged Inaccuracy Is Not Actionable Under the FCRA as the Disputed Information Is Not Objectively and Readily Verifiable.**

As courts in this circuit have consistently held, a plaintiff asserting a claim under § 1681i, "must make a threshold showing of inaccuracy." *Dawkins v. Experian Info. Sols., Inc.*, C/A No. 6:22-774-TMC-JDA, 2022 WL 17668425, at *7 (D.S.C. Oct. 19, 2022), report and recommendation adopted, C/A No. 6:22-774-TMC, 2022 WL 17351761 (D.S.C. Dec. 1, 2022) (citing *Alston v. Equifax Info. Servs., LLC*, C/A No. TDC-13-1230, 2016 WL 5231708, at *10 (D. Md. Sept. 21, 2016) ("all of her claims are again made pursuant to § 1681s-2, § 1681e, and § 1681i, each of which has a threshold inaccuracy requirement")); *Biddle v. Grain Tech., Inc., C/A* No. 1:23-273-MR-WCM, 2024 WL 2125633, at *2 (W.D.N.C. Apr. 18, 2024) ("To state a claim under either Section 1681e(b) and 1681i of the FCRA, a plaintiff must plead that there is an 'inaccuracy' in his or her credit report or credit file."), report and recommendation adopted, C/A No. 1:23-00273-MR-WCM, 2024 WL 2119270 (W.D.N.C. May 10, 2024); *see also Soutter v. Equifax Info. Servs., LLC,* 307 F.R.D. 183, 201 (E.D. Va. 2015).

However, certain types of disputes, like this one, are not actionable under the FCRA because the level of reinvestigation required to resolve the issue goes beyond what consumer reporting agencies are called to do under the statute when performing a reasonable reinvestigation. Importantly, courts have distinguished factual inaccuracies from legal disputes. *DeAndrade v. Trans Union* LLC, 523 F.3d 61, 68 (1st Cir. 2008) (granting summary judgment in favor of the CRA because the consumer's § 1681i claim "did not state any factual deficiency" and instead attacked his mortgage's validity, which turned "on questions that can only be resolved by a court of law, such as whether DeAndrade ratified the loan"); *Jones v. City Plaza, LLC*, No. 1:19CV924, 2020 WL 2062325, at *4 (M.D.N.C. Apr. 29, 2020). "Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks' because the creditor is

5

not a party to the suit." *Saunders v. Branch Banking And Tr. Co. Of VA,* 526 F.3d 142, 150 (4th Cir. 2008). Further, "[b]ecause CRAs are ill equipped to adjudicate [legal] disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Jones*, 2020 WL 2062325, at *4 (internal quotation marks omitted) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (citing *Saunders*, 526 F.3d at 150)).

Recent interpretation of this line of authority clarifies that a CRA can only be liable under § 1681i if it failed to update information within a credit file that was "objectively and readily verifiable." *See, e.g., Roberts v. Carter-Young, Inc.,* 131 F.4th 241, 251 (4th Cir. 2025); *Holden v. Holiday Inn Club Vacations Inc.,* 98 F.4th 1359, 1368 (11th Cir. 2024); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 271 (2nd Cir. 2023); *Sessa v. Trans Union, LLC,* 74 F.4th 38, 40 (2nd Cir. 2023); *Ritz v. Equifax Info. Servs., LLC,* No. 23-2181, 2025 WL 1303945, at *3 (3rd Cir. May 6, 2025); *Reyes v. Equifax Info. Servs., LLC*, 140 F.4th 279, 288 (5th Cir. 2025); *Rozov v. Bank of Am., N.A.,* No. 24-13034, 2025 WL 1620921 (11th Cir. June 9, 2025). The Fourth Circuit explained in *Roberts* what it means for information to be "objectively and readily verifiable:"

> What is means for a dispute to be objectively and readily verifiable requires some fleshing out. Inaccuracy or incompleteness under the FCRA is not synonymous with legally recoverable or legally valid. For instance, a dispute that involves complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform is not objectively and readily verifiable…. <u>Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions – such as claims of fraud or retaliation.</u>

*Roberts* 131 F.4th at 251 (emphasis added).

Taking all of Plaintiff's allegations as true, the core of his § 1681i claim, which relates to identity theft and debts discharged in bankruptcy, are not objectively and readily verifiable. Courts that have addressed claims of fraud under this standard have found that those claims are not

6

objectively and readily verifiable. *Reyes* 140 F.4th at 288; *Rozov* 2025 WL 1620921 at \*3 (consumer reporting agency could not objectively and readily verify fraud claim); *Buser v. Experian Info. Sols., Inc.*, No. 8:23-CV-1881-TPB-NHA, 2025 WL 90069 at \*3 (M.D. Fla. Jan. 14, 2025)(allegations of forgery in electronic documents were not "objectively and readily verifiable," and thus not actionable against furnisher under the FCRA). Accordingly, because Plaintiff's challenge to Trans Union's *reporting* on the five certain accounts involve *purportedly* fraudulent charges, the alleged inaccuracy is not actionable because the inaccuracy is not objectively and readily verifiable and should be dismissed. *See* ECF No. 1-5 at Ex. A (listing the five subject accounts in Plaintiff's identity theft affidavit); *Reyes* 140 F.4th at 288; *Rozov* 2025 WL 1620921 at \*3.

Likewise, Plaintiff's claims involving purportedly discharged debts should be dismissed. Because Plaintiff's dispute about discharged debts was not objectively and readily verifiable by Trans Union, Plaintiff does not have a viable FCRA claim against the Defendant. Plaintiff presented a dispute that is not objectively and readily verifiable—that is, to determine whether each account was discharged through his purported bankruptcy proceedings as Plaintiff alleges. *See* ECF No. 1-5 ¶ 8, 12(d). In other words, Plaintiff claims that Defendant's reporting of the accounts are inaccurate because bankruptcy proceedings (that do not exist) dictated updates to his credit reporting for certain accounts. *Id.* Multiple courts have rejected the same theory of liability brought by Plaintiff here—the FCRA simply does not require CRA Defendants, like Trans Union, to make such determinations to resolve a dispute. *See, e.g., Roberts*, 131 F.4th at 251 ("Requiring investigations that resemble full court proceedings would not be reasonable."); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024)(finding the "alleged inaccurate information is not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer"); *Braun v. Trans Union LLC*, No. 2:19-cv-06098-CJC-SK, 2019

7

WL 13083348, at *2 (C.D. Cal. Oct. 10, 2019) (granting motion to dismiss without leave to amend where the "[p]laintiff's payment was unquestionably late; she merely disputes that the lateness was not her fault."). Without an actionable inaccuracy, Plaintiff has failed to allege a plausible claim for relief under the FCRA. In any case, even assuming Plaintiff has met the requisite showing of a factual inaccuracy—which he does not—"[a]n investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009). Accordingly, this Court should grant Defendant's Motion in its entirety.

### 2. Plaintiff Failed to Sufficiently Allege an Unreasonable Reinvestigation of His Dispute.

In the unlikely event that the Court concludes that Plaintiff's dispute is objectively and readily verifiable, Plaintiff's claim of an unreasonable reinvestigation fails because it contains nothing more than conclusory and self-serving allegations. Plaintiff merely alleges that Trans Union did not conduct a reasonable investigation of his dispute because "it failed to block, delete, or otherwise lawfully respond within the statutory period[,]" "items remain uncorrected on Plaintiff's credit file[,]" and "disputed items remain present, with no proper response or correction." ECF No. 1-5 ¶¶ 7-9. Plaintiff has not alleged sufficient facts to support his claim that Trans Union failed to conduct a reasonable investigation. The fact that Plaintiff personally disagrees with the result of the investigation does not satisfy the pleading requirements of a § 1681i claim.

The mere allegation that a reinvestigation was unreasonable without any supporting facts showing how the CRA's actions were unreasonable is insufficient to state a claim. *See, e.g., Waller v. Experian Info. Sols., Inc.*, Case No. 23-cv-1960-GLR, 2024 WL 3555344 at *5–6 (D. Md. July 24, 2024) (dismissing § 1681i claim for failure to state a claim because plaintiff "fail[ed] to put

8

forth facts sufficiently alleging" the reinvestigation process was unreasonable); *O'Connor v. Capital One, N.A.*, No. CV-00177-KAW, 2014 U.S. Dist. LEXIS 74045, at *20-21 (N.D. Cal. May 29, 2014) (dismissing complaint when plaintiff "fail[ed] to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable.").

Plaintiff also fails to allege that a reasonable investigation could have revealed the inaccuracy, and he will not be able to do so because his inaccuracy claim is, in fact, a legal dispute between him and each respective financial institution that requires legal determinations. *Pawlowski v. Experian Info. Sols., Inc.*, No. 1:20-cv-1464-LMB-JFA, 2021 WL 2930076, at *4 (E.D. Va. July 12, 2021) (noting that a plaintiff alleging a violation of § 1681i must plead that a reasonable reinvestigation by the credit reporting agency could have uncovered an inaccuracy). Accordingly, Plaintiff's Complaint should be dismissed as Plaintiff has failed to allege that he disputed a factual inaccuracy.

### B. Plaintiff's Willfulness Claim Should Be Dismissed as It Was Not Adequately Plead.

Plaintiff alleges willful violations of § 1681i. ECF No. 1-5 ¶¶ 12(c), 14. However, Plaintiff has failed to plead any facts to establish a plausible claim. Willfulness claims may be dismissed through a 12(b)(6) motion. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282-83 (11th Cir. 2017). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-59 (2007). Plaintiff also failed to meet his burden to sufficiently allege that 1) Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language and 2) how Trans Union ran a risk of violating the FCRA was substantially greater than the risk associated with a reading that was merely careless. *Id.* Plaintiff must show that Trans Union acted in a manner that made it highly probable that harm would follow. *Id.* at 69.

9

Neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 U.S. Dist. LEXIS 29665, at \*35-38 (D. Mass. Jan. 24, 2014); *Hill*, 974 F. Supp. 2d at 869; *Valvo v. Trans Union LLC*, No. 04-70S, 2005 U.S. Dist. LEXIS 39120, at \*22-24 (D.R.I. Oct. 27, 2005); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted). Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Solutions*, No. 1:CV-09-0850, 2010 U.S. Dist. LEXIS 39616, at \*2-3, 14-15 (M.D. Pa. Apr. 22, 2010).

Plaintiff's conclusory allegations of willfulness are insufficient. Plaintiff cannot show that Trans Union's actions made it highly probable that harm would follow and as a result, his willfulness claims should be dismissed. *Woodward v. GEICO Advantage Ins. Co.*, No. CV GLR-21-952, 2022 WL 2953053, at \*6 (D. Md. July 25, 2022) (citing *Singleton v. Domino's Pizza, LLC,* No. DKC-11-1823, 2012 WL 245965, at \*4 (D. Md. Jan. 25, 2012)) ("To avoid dismissal, plaintiffs asserting that a defendant willfully failed to comply with the FCRA must set forth specific allegations to demonstrate willfulness").

### C.     Plaintiff Has Failed to Plead the Required Elements of His § 1681c-2 Claim.

Plaintiff claims that Trans Union violated § 1681c-2 by failing to block the disputed accounts in response to his dispute via Consumer Financial Protection Bureau. *See* ECF No. 1-5 ¶¶ 6, 12(a). To establish a claim under § 1681c-2, a consumer must demonstrate that: (1) a CRA failed to block information the consumer identified as resulting from identity theft, (2) the consumer provided proof of identity, (3) the consumer submitted an identity theft report, (4) the consumer identified the specific information that resulted from alleged identity theft, (5) the

10

consumer provided a statement asserting that the information does not relate to any transaction by the consumer, (6) the CRA failed to block the information within four business days without justification, (7) that the consumer suffered damages caused by the CRA's violation. *See* § 1681c-2(a).

Plaintiff has failed to plead these required elements of his § 1681c-2 claim. Namely, Plaintiff has not plead facts supporting whether he provided proof of identity, submitted an identity theft report as the statute defines, identified the specific information that resulted from the alleged identity theft, and provided the requisite statement asserting that the information does not relate to any transaction by him. Plaintiff also does not plead facts regarding Trans Union lacking justification to refrain from blocking the information or any damages caused by Defendant's purported failure to block the information. Although *pro se* complaints are entitled to a less stringent standard and a more liberal interpretation, courts are not required to overlook basic pleading essentials in *pro se* complaints. *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Nor does this leniency require or allow courts to 'rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *Coke v. Ret. Sys. Of Ala.*, Case No. 2:23-cv-01104-RDP, 2023 WL 6795290, *5 (N.D. Ala. Oct. 13, 2023) (quotations omitted). As such, the Court should dismiss Plaintiff's § 1681c-2 claim for failing to plead the required elements.

**D.      Plaintiff's Complaint Fails to Plead Facts Sufficient to Support a Claim for Relief Under § 1681g.**

"To establish a claim under section 1681g, a plaintiff must provide sufficient evidence to show that: (1) the plaintiff requested a copy of his consumer disclosure; (2) the defendant failed to provide the plaintiff with the information in his credit file; (3) the plaintiff suffered actual damages; and (4) the plaintiff's damages were caused by the defendant's failure to disclose the information." *Bell-Loffredo v. Equifax Info. Servs., LLC*, No. 2:21-CV-03637-CBM-EX, 2022 WL 16894504, at

11

*2 (C.D. Cal. Oct. 6, 2022) (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200-01 (2021) and 15 U.S.C. § 1681g).

Here, Plaintiff asserts that he requested "documentation of TransUnion's (sic) reinvestigation and specific evidence of how they verified the continued reporting of disputed accounts[,]" ECF No. 1-5 ¶ 10, and "requested to see any power of attorney authorizing [Trans Union] to communicate with supposed creditors impersonating [Plaintiff]." ECF No. 1-5 at Ex. D. Plaintiff does not specify what information is missing from his credit file though. Indeed, the Complaint fails to include any factual allegations to suggest the existence of such information is plausible, rather than merely possible. *Scott v. Experian Info. Sols.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.") (citation omitted). His Complaint merely speculates that Defendant ignored "explicit consumer requests for verification and documentation[.]" *Id.* ¶ 12(e).

Numerous courts confronted with similar allegations have held that such barebone allegations are too speculative to survive a motion to dismiss. *See Frazier v. Experian Info. Sols.*, 2018 WL 3785131, at *4–6 (D. Md. Aug. 9, 2018); *Scott v. Experian Info. Sols.*, 2018 WL 3360754, at *7 (S.D. Fla. June 29, 2018); *Gavin v. Trans Union LLC*, 2018 WL 7824443, at *4 (D.S.C. Sept. 24, 2018); *Joseph v. Experian Info. Sols.*, 2019 WL 5458009, at *8 (N.D. Ga. July 3, 2019); *Johnson v. Experian Info. Sols.*, 2019 WL 951425, at *2 (E.D. Ca. Feb. 27, 2019); *Scott v. Equifax, Inc.*, 2021 WL 7209985, at *3 (D. Kan. Apr. 21, 2021); *Heyer v. Experian Info. Sols.*, 2019 WL 2869337, at *3 (E.D. Wis. July 3, 2019). A district court in Maryland faced the same allegations under § 1681g of the FCRA. Relying on the same case string cite above, the court found that plaintiff's "speculative allegations are insufficient to survive a motion to dismiss."

12

*Super v. Experian Info. Sols., Inc.,* No. CV DKC 23-3237, 2024 WL 3344670, at *5 (D. Md. July 9, 2024). This case is no different and warrants dismissal with prejudice.

For example, in *Joseph*, where the plaintiff alleged he "made a written request . . . for his 'full consumer file disclosure'" from the CRAs pursuant to § 1681g and where "[t]he sole issue . . . revolve[d] around the fact that [plaintiff] has not had access to [all] information in his full consumer file," Magistrate Judge Russell Vineyard[2] in the Northern District of Georgia found that the plaintiff's complaint based on a § 1681g claim did "not adequately state a claim under the FCRA that is plausible on its face." *Joseph*, 2019 WL 5458009, at *8 (collecting cases). In that case, the plaintiff received a consumer credit report from each of the CRA Defendants and believed—just like Plaintiff here—that Trans Union "did not comply with the request made." *Id.* The Court, citing *Frazier*, *Scott*, and *Gavin*, *see supra*, found that the plaintiff's complaint "is replete with conclusory allegations, made upon [plaintiff's] 'information and belief,' none of which are supported by any facts" and fails to identify "why the content of [the CRA Defendants'] responses failed to constitute his full consumer file disclosure." *Id.* The Court reasoned that, "even when considering all facts in a light most favorable to [the plaintiff] and accepting [his] allegations as true, the Court cannot reasonably infer that . . . [the CRA Defendants] violated [their] disclosure requirements pursuant to § 1681g of the FCRA" and criticized that this "<u>speculative guesswork</u>" in the complaint—similar to the one at issue here—"fails to state facts sufficient to support the claims against [CRA Defendants]." *Id.* at *9 (emphasis added) (citing *Davis v. Capital One Auto Fin.*, CIVIL ACTION FILE NO. 1:17-CV-1706-WSD-WEJ, 2017 WL 9477694, at *4 (N.D. Ga. Aug. 18, 2017), *adopted by* 2017 WL 4129647, at *3 (N.D. Ga. Sept. 18, 2017) (citation omitted)

---

[2] District Judge William Ray II later adopted Judge Vineyard's Final Report and Recommendation in its entirety. *Joseph v. Experian Info. Sols., Inc.*, No. 1:18-CV-3443-WMR, 2019 WL 5460659, at *1 (N.D. Ga. Aug. 13, 2019).

13

("Because the Amended Complaint merely speculates as to the possibility that defendant violated the FCRA and fails to present 'enough facts to raise a reasonable expectation that discovery will reveal,' unlawful conduct, that claim fails as matter of law."); *Hinkle v. CBE Grp.*, No. CV 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012), *adopted by* 2012 WL 676267, at *1 (S.D. Ga. Feb. 29, 2012) (citations omitted) ("Put plainly, the factual matter offered by Plaintiff in her amended complaint establishes nothing beyond speculation as to the 'mere possibility' of a violation of the FCRA, without presenting 'enough fact to raise a reasonable expectation that discovery will reveal' unlawful conduct."); *Edwards v. Auto Showcase Motorcars of Palm Beach, LLC*, No. 09-80932-CIV, 2010 WL 1524289, at *2 (S.D. Fla. Apr. 14, 2010) (finding complaint that consisted of plaintiff's "guess work" "fail[ed] to allege or provide reasonably specific facts or occurrences sufficient to support a claim under the FCRA").

Just like in *Super* and *Joseph*, Plaintiff here has no direct knowledge of the content of Trans Union's files and "can only postulate as to what should have been included in the disclosures." *Frazier*, 2018 WL 3785131, at *6. More specifically, as in *Scott*, Plaintiff "does not point to what information is actually missing from what he received from [Trans Union] or what specific facts lead him to accuse [Trans Union] of failing to meet [its] disclosure requirements under the FCRA." *Scott*, 2018 WL 3360754, at *7. Instead, Plaintiff did not receive "verification and [unspecified] documentation" as he believes is required under § 1681g. Because mere surmise does not amount to plausibility, the Complaint accordingly does not pass muster under *Iqbal* and *Twombly*. *Joseph*, 2019 WL 5458009, at *9; *Scott*, 2018 WL 3360754, at *7; *Frazier*, 2018 WL 3785131, at *6. Accordingly, this case should be dismissed.

Even so, Plaintiff's position is futile because he does not and cannot establish damages and causation either. *See Bell-Loffredo*, 2022 WL 16894504, at *2; *see also Henry v. Dovenmuehle Mortg.*, No. 219CV00360MMDNJK, 2020 WL 1290787, at *3 (D. Nev. Mar. 18, 2020) (citing

*Carson v. Experian Info. Sols., Inc.*, Case No. 8:17cv-2232-JVS-KES, 2019 WL 3073993, at *7 (C.D. Cal. July 9, 2019) ("The inability to completely assess their own information due to omissions in their §1681g disclosures is not a sufficiently concrete injury to confer standing."); *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1097 (9th Cir. 2022) (citing *Carson*, 2019 WL 3073993) ("Plaintiffs fail[ed] to show how Defendant's alleged violation of the FCRA amount[ed] to more than a 'bare procedural violation,' and thus did not plead 'a concrete injury sufficient to confer Article III standing to bring their § 1681g claims.'").

Plaintiff's vague and conclusory Complaint seeks damages, despite not providing one single factual allegation in support of damages. ECF No. 1-5 ¶ 14 (seeking damages based on "the tangible and substantial nature of Plaintiff's financial, reputational, and emotional harms" without specifying such harms). Notably, specifics as to how Trans Union's alleged actions caused Plaintiff's alleged damages are completely nonexistent in the Complaint. Plaintiff's bare assertion that Trans Union failed to comply with a duty imposed by the FCRA cannot survive dismissal under Rule 12(b)(6).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety. Any attempt by Plaintiff to amend his Complaint would be futile.

DATE: September 24, 2025.

Respectfully submitted,

*/s/ Marc F. Kirkland*
Marc F. Kirkland
N.C. State Bar No. 60678
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.

15

6900 Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

## LOCAL RULE 5.1 CERTIFICATION

I hereby certify that the foregoing memorandum complies with Local Rule 7.2(3)(A) and contains no more than 8,400 words.

*/s/ Marc F. Kirkland*
Marc F. Kirkland

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 24th day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the e-filing system.

I further certify that a true and correct copy has been sent via U.S. First Class Mail and Electronic Mail to the following:

Gilbert Bryan
gbryan115@gmail.com
5506 Dodge Drive
Fayetteville, NC 28314
(910) 257-7828
*Pro Se Plaintiff*

*/s/ Marc F. Kirkland*
Marc F. Kirkland
N.C. State Bar No. 60678
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
*Counsel for Trans Union LLC*

17