# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

GILBERT BRYAN,

          Plaintiff,

v.

TRANSUNION,

          Defendant.

Case No. 5:25-CV-00595-FL

## DEFENDANT TRANS UNION LLC'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ITS MOTION TO DISMISS

COMES NOW, Trans Union LLC ("Trans Union") and files its Reply to Plaintiff Gilbert Bryan's ("Plaintiff") Memorandum of Law in Opposition to Trans Union's Motion to Dismiss Plaintiff's Complaint, respectfully showing onto the Court as follows:

## I.    INTRODUCTION

The Motion should be granted in this case where Plaintiff claims Trans Union violated the Fair Credit Reporting ("FCRA"), 15 U.S.C. § 1681, *et seq.* when it failed to correct accounts purportedly discharged in bankruptcy and/or tainted by fraud through identity theft, for the reasons set forth in Trans Union's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint ("Motion").

On September 24, 2025, Trans Union filed the Motion and supporting Memorandum. *See* Dkt. Nos. 6, 7. Plaintiff filed his Response in Opposition to the Motion ("Response") on October 3, 2025. *See* Dkt. No. 9. Plaintiff's Response fails to substantively address any of the grounds for dismissal raised in the Motion and instead supplements with an affidavit containing the same or similar allegations and demands presented in his Complaint. *See generally* Dkt. No. 9-1.

1

For the reasons set forth in Trans Union's Motion and supporting Memorandum, as well as those outlined below, Trans Union respectfully request that the Court grant Trans Union's Motion and dismiss Plaintiff's Complaint in its entirety.

## II.     ARGUMENT

Plaintiff's Response fails to set forth any arguments or facts in support of his opposition to Trans Union's Motion. Plaintiff's failure to substantively respond to the Motion should deem Plaintiff's arguments waived and abandoned, and the Motion granted. *See Grayson O. Co. v. Agadir Int'l LLC,* 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument be failing to present it in its opening brief or by failing to develop its argument-even if its brief takes a passing shot at the issue.")(cleaned up); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)(when a party fails to respond to a motion to dismiss, the district court is entitled to dismiss the claim "on the uncontroverted bases asserted therein"); *James Martin v. Comer*, No. 5:21-CT-3049-FL, 2022 WL 3443702, at *4 (E.D.N.C. Aug. 3, 2022)(citations omitted)("The court construes Plaintiff's failure to respond to the motion to dismiss and decision to rely instead on his proposed amended complaint as waiver of argument in opposition to dismissal of the original complaint.")

Here, Plaintiff's Response lacks any legal basis to support his FCRA claims and instead asserts a vague, general objection (*see* Response at 1)("Plaintiff…respectfully opposes"), reiterates alleged past efforts through the Consumer Financial Protection Bureau (*see* Response at 1-3), restates allegations and demands already present in his Complaint (*see* Response at 3-7), and then attaches an affidavit that paraphrases his Complaint. S*ee* Dkt. 9-1.  Nothing discussed in, or attached, to his Response rectifies the Complaint's shortcomings that are raised in Trans Union's Motion. *See id.* Appearing that Plaintiff has not substantively responded to the Motion, any

2

potential arguments related to his vague opposition should be considered waived and abandoned, and Trans Union respectfully requests that the Motion be granted in its entirety.

### III. <u>CONCLUSION</u>

Accordingly, for the reasons stated in Trans Union's Motion to Dismiss and this Reply, Plaintiff has failed to state a claim upon which relief can be granted. Trans Union's Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6). Any attempt to cure the defects pointed out in Trans Union's Motion to Dismiss would be futile. As such, Plaintiff's Complaint should be dismissed, with prejudice.

DATE: October 16, 2025.

Respectfully submitted,

*/s/ Marc F. Kirkland*

Marc F. Kirkland
N.C. State Bar No. 60678
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
***Counsel For TransUnion LLC***

8305226.3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of October 2025, I electronically filed the foregoing with the Clerk of the Court using the e-filing system.

I further certify that a true and correct copy has been sent via U.S. First Class Mail and Electronic Mail to the following:

Gilbert Bryan
gbryan115@gmail.com
5506 Dodge Drive
Fayetteville, NC 28314
(910) 257-7828
*Pro Se Plaintiff*

*/s/ Marc F. Kirkland*

Marc F. Kirkland
N.C. State Bar No. 60678
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
*Counsel for Trans Union LLC*

4