# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

GILBERT BRYAN,

        Plaintiff,

v.

TRANSUNION,

        Defendant.

Case No. 5:25-CV-00595-FL

## MEMORANDUM IN SUPPORT OF DEFENDANT
## TRANS UNION LLC'S MOTION TO STAY

COMES NOW, Defendant Trans Union LLC ("Trans Union"), by and through its counsel of record, and submits its Memorandum in Support of Its Motion to Stay (the "Motion") and would respectfully show the Court as follows:

## I.     FACTUAL BACKGROUND

On or about August 13, 2025, Plaintiff filed his Complaint in the General Court of Justice, District Court Division, Cumberland County, North Carolina, Case No. 25CV011291-250 ("State Court Action"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq., against Defendant. ECF No. 1-5. On September 18, 2025, the State Court Action was removed to this Court. ECF No. 1. On September 24, 2025, Trans Union moved under the Federal Rules of Civil Procedure 12(b)(6) to dismiss this case (the "Motion"). ECF No. 6.

In particular, Trans Union's Motion demonstrates that Plaintiff's claims are without merit in that they fail to allege an inaccuracy. Indeed, without an inaccuracy, Plaintiff's claims fail as a matter of law, as an inaccuracy is an essential element of a § 1681i claim. Similarly, Plaintiff fails to plead facts sufficient to support his §§ 1681c-2 and 1681g claims. Given the nature of Plaintiff's claims, and the potential disposition of all of Plaintiff's claims against Trans Union, the parties

and the Court should not expend any further time, energy, or resources on discovery while the Motion is pending.  To that end, Trans Union respectfully requests the Court stay this case, including discovery and the requirements set forth under Rule 26(f)(including Initial Disclosures), pending the outcome of the Motion.

Accordingly, Trans Union now moves this Court to stay all discovery, including the requirements set forth under Rule 26(f), pending this Court's ruling on the Motion, given the potentially case-dispositive nature of the Motion.

## II.  ARGUMENTS AND AUTHORITIES

A temporary stay of proceedings is warranted in this cause because a ruling on Trans Union's pending motion is likely to dispose of the action or significantly narrow the issues, and Plaintiff will not suffer any prejudice from a brief stay, especially where no scheduling order has been entered and discovery has not commenced.

### A. The Court Has Authority to Stay Discovery Pending its Ruling.

This Court has the inherent power to control its own dockets, including the power to stay proceedings, which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"); *Westfield Ins. Co. v. KMAC of the Carolinas, Inc.*, No. 2:15-CV-03672-DCN, 2015 WL 13817474, at *2 (D.S.C. Dec. 18, 2015) (citing *Maryland v. Universal Elections, Inc.*, 2013 WL 3871006, at *7 (4th Cir. July 29, 2013)); *see also* L.R. 16.00(C) (D.S.C.) (explaining that "[a]ny party desiring a stay [based on a pending motion to dismiss] shall file a separate motion to stay" under the Local Rules).

In deciding whether a stay is appropriate, district courts consider the following factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (citations omitted).

Here, as discussed more thoroughly in Trans Union's Motion to Dismiss and supporting Memorandum, *see generally* ECF Nos. 6, 7. Plaintiff has failed to plead any actionable claim against Trans Union. ECF No. 1-5. Plaintiff's scant and unspecific allegations do not save his claims.

### B. A Stay Promotes Judicial Economy.

Courts routinely stay discovery while a dispositive motion is pending—this case is no different. *See, e.g.*, *Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986) (endorsing the trial court's decision to stay discovery pending disposition of a Rule 12(b)(1) motion) (citations omitted); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (cautioning against allowing a case to proceed through discovery and pretrial procedures when a motion to dismiss is pending)). In such cases, courts may grant a stay where there is good cause, and the request is reasonable under the circumstances. *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127-128 (4th Cir. 1983) (acknowledging the court's equitable power to grant a stay where justice and efficiency so require).

Because there is a strong likelihood that the pending Motion to Dismiss will dispose of all of Plaintiff's claims against Trans Union, the Court should stay the case as to Trans Union. Indeed, Trans Union's Motion to Dismiss does not require any discovery, and the parties—in the interest of judicial economy—should not expend any further time and resources responding to discovery

3

requests and conducting depositions on claims that are unlikely to survive dismissal. *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, No. 8:18-CV-1498-TMC, 2018 WL 9785308, at \*4 n.5 (D.S.C. Nov. 20, 2018) (noting that "no discovery is needed to defendant against a Motion to Dismiss, as such a motion is based solely on the face of the pleadings and whether or not the Plaintiff has stated a claim upon which relief can be granted") (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Thus, staying discovery only serves to benefit the parties and the Court. *See Race v. Bradford County*, 3:18-CV-153-J-39PDB, 2019 WL 1755808, at \*2 (M.D. Fla. Apr. 19, 2019) ("Because neither party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost."). Given the potentially case-dispositive motion currently pending before this Court, it would save both the Court and the parties significant and valuable time, effort, and resources to briefly pause potentially pointless discovery while the Court determines whether Plaintiff has even stated a claim as against Trans Union in the first instance.

### C. Plaintiff Will Not Be Prejudiced by a Brief Stay.

Furthermore, Trans Union is requesting a narrowly tailored stay pending the Court's ruling on the Motion to Dismiss, which is reasonable and will not prejudice Plaintiff. *Hynie*, 2019 WL 1043724, at \*6 (citing *Stanford v. Caesar's Entm't, Inc.*, C/A No. 05-2230, 2006 WL 156981, at \*2 (E.D. La. Jan. 20, 2006) (holding that a limited stay in scope would not prejudice the non-moving party)). Plaintiff will suffer no meaningful prejudice from a short stay of proceedings while the motion to dismiss is under consideration. The parties have not engaged in discovery at this time, and the Court has not entered a scheduling order. The proposed stay is limited in scope and duration – it would lift immediately upon resolution of the motion to dismiss. Should the Court deny the motion in whole or in part, discovery can proceed promptly thereafter.

4

By contrast, denying the stay would create unnecessary expense and potential inefficiencies for both the parties and the Court, especially where viability of Plaintiff's claims remains uncertain.

Further reinforcing that a stay is appropriate here is that discovery in this case is in its infancy. The parties have not even had their 26(f) conference in this matter. The parties would thus have a full discovery period in which to conduct and complete discovery should Trans Union's Motion be denied in whole or in part. Accordingly, "should the case proceed, Plaintiff will have ample opportunity to conduct discovery." *Pierce v. State Farm Mut. Auto. Ins. Co.*, 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014). A brief stay here would save both the Court and the parties substantial time and resources, without causing any prejudice at all.

### III.     CONCLUSION

Therefore, Defendant Trans Union LLC respectfully requests that the Court enter an order (a) granting this Motion to Stay, and (b) enter a stay pending the Court's ruling on Trans Union's Motion to Dismiss Plaintiff's Complaint.

DATED: October 16, 2025

Respectfully submitted,

*/s/ Marc F. Kirkland*

Marc F. Kirkland
N.C. State Bar No. 60678
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5454
Fax: (214) 871-2111
**Counsel for Trans Union LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2025, I electronically filed the foregoing with the Clerk of the Court using the e-filing system.

I further certify that a true and correct copy has been sent via U.S. First Class Mail and Electronic Mail to the following:

Gilbert Bryan
gbryan115@gmail.com
5506 Dodge Drive
Fayetteville, NC 28314
(910) 257-7828
*Pro Se Plaintiff*

*/s/ Marc F. Kirkland*

Marc F. Kirkland
N.C. State Bar No. 60678
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5454
Fax: (214) 871-2111
*Counsel for Trans Union LLC*