IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-595-FL-BM

| | | |
|---|---|---|
| GILBERT BRYAN, Plaintiff, | ) | |
| v. | ) | ORDER |
| TRANSUNION LLC, Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 6). Also before the court are plaintiff's motions for extension of time (DE 14) and for resolution of pending motion to dismiss (DE 21), and defendant's motion to strike plaintiff's objections (DE 25). United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), (DE 22), wherein it is recommended that defendant's motion to dismiss be granted and plaintiff's motions be denied as moot.

Regarding procedure for filing objections to the M&R, the magistrate judge stated:

> Each party shall have until August 27, 2026, to file written objections to the [M&R] . . . . If a party does not file written objections to the [M&R] by the foregoing deadline, the party will be giving up the right to review of the [M&R] by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the [M&R] without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the [M&R].

(M&R (DE 22) at 31–32); see Wright v. Collins, 766 F.2d 841, 846–47 (4th Cir. 1985).

Plaintiff filed objections to the M&R September 8, 2026. (DE 23). Therein, plaintiff "requests de novo review of four specific matters that directly affect whether his Fair Credit Reporting Act ('FCRA') claims should be dismissed at the pleading stage." (Id. at 1). On September 18, 2026, defendant filed amended motion to strike plaintiff's objection to the M&R on the basis that plaintiff's objections were untimely. (DE 25).

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Absent a specific and timely filed objection, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Here, plaintiff's objections were untimely filed 12 days after the deadline for such objections provided in the M&R. (See DE 22 at 31–32; DE 23). The court therefore reviews the magistrate judge's findings and conclusions only for clear error. Diamond, 416 F.3d at 315.

The magistrate judge recommends the court dismiss plaintiffs' claims for failure to state a claim on which relief may be granted and deny as moot plaintiffs' motion for extension of time and motion requesting resolution of pending motion to dismiss. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error.

Accordingly, the court ADOPTS the recommendation of the magistrate judge as its own and GRANTS defendant's motion to dismiss for failure to state a claim (DE 6). The court DENIES AS MOOT plaintiff's motions (DE 14; DE 21) for the reasons stated in the M&R and DENIES AS MOOT defendant's amended motion to strike plaintiff's objection to the M&R (DE 25). This action is hereby DISMISSED and the clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge